UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSIE JAMES GIBSON, JR.,

      Plaintiff,

v.                                Case No. 3:21-cv-00744-BJD-JBT

LIEUTENANT RONNIE DANIELS
and LIEUTENANT C. MAY,

      Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Jessie James Gibson, Jr., a pretrial detainee housed at the Columbia County Detention Facility, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff complains Defendants Daniels and May violated his First, Fifth, and Fourteenth Amendment rights by denying him use of the jail kiosk from April 6, 2021 through May 11, 2021. See Compl. at 3, 5. During that time, Plaintiff allegedly could not access medical care or the grievance process, nor could he send legal mail, causing him to "miss a deadline." Id. at 5. As relief, Plaintiff seeks "actual and punitive damages." Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§

1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." Id. To state a claim

2

under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff contends Defendants' imposed disciplinary sanction (suspension from the kiosk) violated his First, Fifth, and Fourteenth Amendment rights because he allegedly was unable to access medical care, file grievances, and send legal mail. See Compl. at 3, 5. Plaintiff's First Amendment claim appears premised on the allegation that he "miss[ed] a deadline for filing a motion in an unrelated matter." Id. at 5. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 352, 355 (1996). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).

The Eleventh Circuit has held an access-to-courts violation arises in limited types of cases: nonfrivolous appeals in a criminal case, petitions for habeas corpus, and civil rights actions. Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a

3

nonfrivolous, post-conviction claim or civil rights action." (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998))). Plaintiff does not identify what kind of claim he was pursuing. As such, the Court is unable to assess whether he may have suffered an "actual injury" sufficient to sustain a First Amendment claim. In other words, there are no facts permitting the reasonable inference Defendants interfered with Plaintiff's ability to pursue a nonfrivolous legal action. See, e.g., Allen v. St. John, 827 F. App'x 1002, 1005 (11th Cir. 2020) (per curiam) (affirming dismissal of the plaintiff's access-to-courts claim because he did not explain in his complaint what the underlying action was, so the court could not "evaluate whether it was frivolous").

Plaintiff's Fifth Amendment claim fails as well. The Fifth Amendment governs the conduct of federal actors, not state actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."). Plaintiff sues state actors, not federal actors.

Finally, Plaintiff fails to state a plausible claim for a denial of due process or for deliberate indifference under the Fourteenth Amendment. While Plaintiff complains Defendants improperly disciplined him, he does not allege

4

they denied him due process. See Compl. at 5. For instance, he does not allege Defendants failed to give him "advance written notice of the charges," or did not permit him to call witnesses or present evidence at a disciplinary hearing. See Jacoby v. Baldwin Cnty., 835 F.3d 1338, 1350 (11th Cir. 2016) (quoting Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974)). Plaintiff's unsupported, conclusory allegation that the temporary suspension violated his constitutional rights does not suffice under the federal pleading standard. See Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cnty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference."[1] Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010)

---

[1] Plaintiff's claim for deliberate indifference technically arises under the Fourteenth Amendment because he is a pretrial detainee. However, such a claim is analyzed under Eighth Amendment principles. See Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) ("The Eighth Amendment—and therefore the Fourteenth also—is violated when a jailer 'is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury.'").

(explaining the subjective-knowledge element of a deliberate indifference claim requires a plaintiff to demonstrate three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence"). Here, even accepting as true that Plaintiff contracted COVID-19 but could not "contact medical" because he was suspended from using the kiosk, see Compl. at 5, Plaintiff alleges no facts showing Defendants Daniels or May knew he needed medical care and intentionally or recklessly prevented him from accessing that care. Even more, Plaintiff does not allege he in fact required medical care or suffered a worsening of his physical condition because he could not use the kiosk. Id.

Even if Plaintiff had stated a plausible claim for the violation of his constitutional rights, his claim would be barred under the PLRA because he failed to exhaust his administrative remedies. The PLRA provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and not left to the discretion of the district courts. Woodford v. Ngo, 548 U.S. 81, 84 (2006). While failure to exhaust is an affirmative defense, a district court may sua sponte dismiss a complaint where it is "clear from the face of the complaint" that the affirmative defense bars the claim. Okpala v. Drew, 248 F.

App'x 72, 73 (11th Cir. 2007) (affirming the district court's sua sponte dismissal of a complaint for failure to state a claim where it was clear the plaintiff had not exhausted administrative remedies (citing Jones v. Bock, 549 U.S. 199, 211 (2007))).

Plaintiff's failure to exhaust his administrative remedies is clear from the face of his complaint. Specifically, he concedes he did not submit a grievance before initiating this action. See Compl. at 7. Plaintiff alleges he was unable to file a grievance because he was suspended from "[his] inmate account on the jail kiosk." Id. at 8. However, he also explains his suspension was temporary—from April 6th through May 11th. Id. at 5. Plaintiff does not allege he tried to submit a grievance after May 11, 2021, and before he initiated this action, even if he still was "partially" suspended from accessing the kiosk, as he asserts. Id.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

7

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August 2021.

                                                BRIAN J. DAVIS
                                      United States District Judge

Jax-6
c:
Jessie James Gibson, Jr.